UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTICT OF ILLINOIS

EASTERN DIVISION

EARNEST WILSON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 01-CR-847

VERIFIED PETITION

JUDGE PRESIDING BLANCHE M. MANNING

08CV4682
JUDGE CASTILLO
MAG. KEYS

HABEAS CORPUS PETITION FOR
IMMEDIATE RELEASE FROM THE
CUSTODY OF THE FEDERAL BUREAU
OF PRISONS

  NOW COMES, Earnest Wilson, a Pro Se Petitioner, bringing this petition pursuant to the United States Constitution, Article I, § 9, Cl. 2, where it states in relevant part; The privilege of the writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it. This petitioner also comes pursuant to the First Amendment of the United States Constitution's Right to Petition the Government for a Redress of Greivances.

  Petitioner comes forth with a valid claim of a Fifth Amendment Constitutional violation with respect to a void and unconstitutionally imposed verdict of guilt, as well as a Sixth Amendment violation with respect to a void and unconstitutionally...

1

imposed sentence in violation of Rule 43 of the Federal Criminal Code and Rules and also without the legal or lawful jurisdiction of this Court to impose such guilty verdict or sentence. This Petitioner would respectfully request this Court to apply the standard announced in <u>Haines v. Kerner</u>, 404 U.S. 519,520, 92 S.Ct. 594, 596 30 L.Ed. 2d 652 (1972), i.e., "However inartfully pleaded, allegations in a Pro Se complaint are held to a less stringent standard, than formal pleadings drafted by lawyers."

## BACKGROUND AND ARGUMENT

On February 11, 2004 this Pro Se Petitioner filed with the Clerk of this Court a Rule 60(b) Motion to withdraw from the plea agreement based on <u>Breaches</u> of the agreement. Specifically that this Petitioner had reserved the right to appeal the Court decision denying his motions to dismiss indictments for lack of federal jurisdiction to prosecute. The plea agreement was contracted under Rule 11(e)(1)(C) of the Federal Criminal Code and Rules, which was in full effect at the time the plea agreement was negotiated and signed by all involved parties,his notice of appeal was not filed, he could not appeal the order of October 17, 2002 which was preserved in the Binding Plea Agreement, which is what led this Petitioner to file the motion to withdraw the plea of guilty and remand for trial on February 11, 2004, at any rate this Court heard the motion to withdraw from the plea and remand for trial, and on April 16, 2004 this Court reconstrued the Rule 60(b) Motion to be a filing, under § 2255 and none the less granted the motion in full, thereby vacating the Judgment and Commitment Order of March 28, 2003. However, on this very same date April 16, 2004, this Court issued a new Judgment and Commitment Order against the Petitioner in violation of the Fifth Amendment's Right to Due Process of Law.

This Petitioner did not enter a plea of guilty on April 16, 2004, nor was this Petitioner found guilty by a jury trial or trial before the bench, in violation of the Sixth Amendment's Right to a fair trial. On April 16, 2004 this Petitioner was adjudicated guilty and sentenced to 180 months with the inclusion of 5 years of supervised release, and a one hundred dollar fine. According to paragraph 20 of the plea agreement, this Court had no legal or lawful right to <u>resentence</u> this Petitioner after vacating the Judgment and Commitment Order on April 16, 2004.

The Court held in <u>U.S. v. Shannon</u>, 94 F 3d 1076, "withdrawing the plea did not alter the fact that this was still (o)ne case, (o)ne proceeding, to resolve a matter of criminal law." Of course, if plea is withdrawn the conclusions of a sentencing hearing may become irrelevant after an acquittal, for instance, there is no continuing case to which prior sentencing determinations (now moot) would apply, and when the trial Court permits a guilty plea to be withdrawn, the prior plea and transcripts of the arraignment proceedings where the guilty plea was made are not admissible at trial to prove defendants guilt. <u>Shannon Supra</u>.

There was nothing articulated into the record concerning the exact nature of the relief this Court had granted to Petitioner Wilson, only that his Motion was granted on April 16, 2004, also there was nothing articulated into the record concerning why this Court resentenced this Petitioner, or the exact reasons for the underlying decision to do so, especially without the Petitioner entering a plea of guilty, or being found guilty by a jury or before the bench, when this Court imposed the sentence on this Petitioner it was in violation of Federal Criminal Code and Rules No. 43 (a)(3). Where a defendants presence is required for sentencing. An order or judgment obtained in violation of due process

........................"without jurisdiction"................"or by"..
fraud is void on it's face <u>Government Financial Services v. Peyton Place</u>, 63 F 3d 767, 772-73 (5th Cir. 1995); <u>New York Life Insurance Co. v. Brown</u>, 84 F 3d 137, 143 (5th Cir. 1996). The violations of this Petitioner's Right to Due Process plainly erroded the legitimacy of the truth-seeking process. This Petitioner is entitled to relief from the void and unconstitutionally imposed judgment and commitment order of this Court, because the record reflects that evidence exist beyond a reasonable doubt that the judgment and commitment order issued on April 16, 2004 was in violation of the United States Constitution and Laws of the United States. when there was no jurisdiction to adjudicate guilt in this cause, there can be no jurisdiction to impose a sentence of imprisonment, thereby rendering any judgment and commitment orders void as a matter of law.

The real violations of Due Process was administered by this Court in the form of procedural default, which prevented this Petitioner from being heard and adjudicated on the merits of the properly raised claims of constitutional violations and lack of jurisdiction to impose guilt and sentence, with the record supporting totally, each and every claim.

The miscarriage of justice and the assassination of the fairness and integrity of the judicial system came about when this Petitioner was deprived of his liberty and when an attempt was made to redress the government about the greivances concerning the unlawful lost of liberty this Petitioner was denied access to the Courts and his rights to prove his innocence and be free from unlawful restraint, all based on an unfounded procedural default....when in fact, the challenge to "<u>jurisdiction</u>" has no procedural default.

Settled Law also entitles this Petitioner to an evidentiary

4

hearing when he alleges facts which, if proven, would warrant Habeas Corpus Relief. Petitioner's petition is verified and his pleadings are supported by evidence in the record. See <u>Townsend v. Sain</u>, 372 U.S. 293, 307-09, 311 83 S.Ct. 745, ( L.Ed. 2d 770 (1963); <u>United States v. Barboa</u>, 777 F 2d 1420, 1422 (10th Cir. 1985); <u>United States v. Hayman</u>, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952)(Petitioners allegations must be taken as true and where petitioners allegations, if proven, would entitle him relief, he is entitled to an evidentiary hearing and an opportunity to prove the truth of the matters asserted).

This Court violated Petitioners Constitutional Rights after granting this petitioners motion to withdraw his plea of guilty and remand for trial on April 16, 2004, by illegally and unlawfully resentencing this petitioner without the jurisdictional authority to do so, without the adjudication of guilt before a judge or jury, and without a plea of guilty being entered by this petitioner on the date of April 16, 2004. The validity of a judgment order on sentencing of a Federal District Court depends upon that Court having established jurisdiction over both the subject matter and the defendant, <u>Stoll v. Gottlier</u>, 305 U.S. 171-72, 83 L.Ed. 104, 59 S.Ct. 134(1938). Unless the power or authority of the Court to perform a contemplated act can be found in the Constitution or Laws enacted there under, it is <u>without Jurisdiction</u> and it's <u>acts are invalid.</u> <u>Angel v. Bullington</u>, 330 U.S. 183, 67 S.Ct. 657 , 91 L.Ed. 832 (1947); <u>LeMieux Bros. INC. v. Tremont Lumber Co, Ltd</u>, 140 F 2d 387, 389 (5th Cir. 1944); <u>Thomas v. ARN</u>, 474 U.S. 140, 88 L. Ed. 2d 435, 106 S.Ct. 466(1985)(quoting <u>United States v. Payner</u> 447 U.S. 727, 65 L.Ed. 2d 468, 1000 S.Ct. 2439 (1890))("(e)ven a sensible and efficient use of the supervisory power (of the Court) however,

5

is invalid if it conflicts with Constitutional or Statutory Provision. A contrary result would confer on the judiciary power to disregard the considered limitations of the law it is charged with enforcing also this Court violated this Petitioners Constitutional rights when, presented with the issues which established that the Court never had jurisdiction over this petititoner to adjudicate guilt or impose a sentence, and that would have entitled petitioner to relief as a matter of law, and when it not only refused to address those issues, but also failed to raise the issues of jurisdiction on its own motion and instead illegally and unlawfully imprisoned this petitioner, while all the time knowing that this petitioner had preserved the right to collaterally attack this Courts jurisdiction in the Binding Plea Agreement under Federal Criminal Codes and Rule 11(e)(1)(C), which was in full effect at the time the plea agreement was signed by all parties.

The Supreme court has made clear that Federal District Courts are Courts of limited jurisdiction and the Court must raise the issue of its own jurisdiction on it's own motion. Without legal or lawful authority, any sentencing of Petitioner was illegal, unlawful, and a violation of this Petitioners Constitutional Rights. This Court is now further without jurisdiction to sentence Petitioner or keep him imprisoned because after vacating the judgment and commitment order imposed on March 28, 2003 and vacated on April 16, 2004, this Petitioners right to a public and speedy trial has been violated and now this Petitioner is entitled to an immediate release from the custody of the federal bureau of prisons. As it now stands, Petitioners indictment, conviction, and sentence are null and void and this Court has an oath taken duty to issue an order for his immediate release.

<u>PETITIONER HAS A RIGHT TO JUDICIAL</u>
<u>NOTICE OF FACTS AND LAW</u>

1.   PETITIONER REQUEST JUDICIAL NOTICE OF FACTS.

Judicial notice dispenses with formal proof of a fact that is easily determinable from reliable sources, it is a Rule of convenience that saves time by eliminating the need for proof of facts about which there is no real controversy. <u>Federal Rules of Evidence</u> (F.R.E.) 201.

The facts from the record, which establish the unconstitutionality of the judgment and commitment order of April 16,2004 on its face, are judicially noticeable as it is not subject to reasonable dispute and are capable of accurate and ready determination by resort to a source whose accuracy cannot be questioned, i.e., Court records such as Docket Sheets, all issued orders, and both judgment and commitments issued on March 28, 2003 and April 16,2004 is beyond a doubt supported by the record in this case. <u>F.R.E. 201(b)</u>,; <u>U.S. v. Boyd</u>, 289 F 3d 1254, 1258 (10th Cir. 2002); <u>LaSalle National Bank v. First Conn. Holding Group, LLC</u>, 287 F 3d 279,290 (3rd Cir. 2002); <u>Ritter v. Hughes Aircraft Co.</u> 58 F 3d 454, 458-59 (9th Cir. 1995); <u>Lussier v. Runyon</u>, 50 F 3d 1103, 1113-14 (1st Cir. 1995); <u>York v. AT&T</u>, 95 F 3d 948, 958 (10th Cir. 1996); <u>Cantrell v. Knoxville County Development Corp.</u>, 60 F 3d 1177,1180 (6th Cir. 1995). This Court is required to take judicial notice of all facts presented herein that supports petitoner's properly raised claims since there is absolutely no argument presented against them. See <u>F.R.E. 201</u> (d)(the Court <u>must</u> take judicial notice of adjudicative facts when properly requested and supplied with the necessary information).

If those facts are judicially noticed, those facts are established as a matter of law. See <u>F.R.E. 201(g)</u>; 1972 notes to F.R.E. 201 at ¶ 31. In other words, by judicially noticing the facts that establish as a

7

matter of law that this Court had no legal or lawful standing to adjudicate this Petitioner. guilty of violations of title 18 U.S.C. § 922(g)(1), nor did this Court have the Jurisdictional authority to impose any sentence upon this Petitioner without first establishing guilt as prescribed by the Fifth Amendment and Sixth Amendment of the United States Constitution. Thereby making the Judgment and Commitment Order issued on April 16, 2004 unconstitutional on its face and are null and void ab initio, it has the same effect as <u>directing a verdict against respondent</u>. Related to the judicially noticed facts. <u>U.S. v. Boyd</u>, 289 F 3d 1254, 1258 (10th Cir. 2002); <u>Werner v. Werner</u>, 267 F 3d 288, 295 (3rd Cir. 2001); <u>General Elec. Capital Corp. v. Lease Resolution Corp.</u>, 128 F 3d 1074,1083 (7th Cir. 1997).

Imprisonment under a void order is without authority of law and one so imprisoned will be discharged on Habeas Corpus. <u>In Re Ayers</u>, 123 U.S. 443, 31 L.Ed. 216, 8 S.Ct. 164 (1887); <u>Fay v. Noia</u>, 372 U.S. 414, 423, 9 L.Ed. 2d 837, 83 S.Ct. 822 (1963); <u>Ex parte Siebold</u>, 1000 U.S. 371, 25 L.Ed. 717 (1879).

2.      PETITIONER REQUEST JUDICIAL NOTICE OF THE LAW.

Petitioner is entitled to have Judicial Notice taken of the law of this case. The law is a fact and the Court is presumed to know the law or where to find it, <u>United States v. Rivero</u>, 532 F 2d 450 (5th Cir. 1976). A matter of law may be judicially noticed as a matter of fact, that is, the Court can look to the law not as a Rule governing the case before it, but as a social fact with evidentiary consequences <u>City of Wichita v. U.S. Gypsum Co.</u>, 72 F 3d 1491, 1496 (10th Cir. 1996). This Petitioner requests the Court to take judicial notice of law:

8

1) "The Constitution of the United States is the Supreme Law of the Land and binds every Forum whether it derives it's authority from a State of from the United States." <u>Cook v. Moffat & Curtis</u>, 46 U.S. 295, 12 L.Ed. 159 (1847); <u>Dodge v. Woolsey</u>, 59 U.S. 331, 15 L.Ed. 401 (1855); <u>Ex parte Siebold</u>, 100 U.S. 371, 25 L.Ed. 717 (1879).

2) The Fifth Amendments Right to Due Process of the laws: A fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. <u>Mathers v. Eldridge</u>, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed. 2d 18 (1976); <u>Armstrong v. Manzo</u>, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed. 2d 62 (1965); <u>Hammond Packing Co. V. State of Arkansas</u>, 212 U.S. 322, 29 S.Ct. 370, 3 L.Ed. 530 (1909); Due Process also includes the right to introduce evidence and have judicial findings made on that evidence. <u>Jenning v. Maloney</u>, 404 U.S. 25, 92 S.Ct. 180, 30 L.Ed.2d 146 (1971); <u>Jenkins v. Mckeithen</u>, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed. 2d 404 (1969) Rehearing denied, 396 U.S. 869 (1969); Without jurisdiction, any judgment is without due process and ineffectual, and all proceedings are void and of no value. <u>16 D American Jurisprudence 2d Constitutional Law § 966</u>. Before life, liberty, or property can be taken, due process must have prevailed.

3) The Sixth Amendments Right to a fair trial: every accused person has the right to a speedy trial. The accused must be given a public trial by a fair jury. Accused people must be told what crimes they have been charged with. At the trial, they have the right to question witnesses who present evidence against them. Accused people can have their own witnesses with evidence to support their case. An accused person has the right to be defended in Court by a lawyer.

9

Accused people have the right to a jury trial only when they say that they are innocent of the crime. A person who pleads guilty to a crime is sentenced by a judge and does not stand trial. However, A district court that grants a Petitioners motion to vacate the judgment and commitment and remand for trial as this Court did on April 16, 2004 and then without lawful justification, without a lawful finding of guilt, without this Petitioner entering a lawful plea of guilt, and without any lawful explanation or lawful jurisdiction to do so, this Court entered a judgment of guilty upon this Petitioner and imposed a sentence of 180 months imprisonment with the inclusion as a part of the sentence a 5 year term of supervised release, and an imposed fine of $100.00 all in violation of this petitioners Sixth Amendment Right to a fair trial.

It becomes obvious that other officers of the Court knew this injustice was being administered, yet, they said nothing. The prosecutor had knowledge because a copy of everything ever filed by this Petitioner was forwarded to the United States Attorney's Office, where an Assistant U.S. Attorney Kevin Power or Joseph Alesia received it.

The prosecutor should be vigilant to see that full disclosure is made of whatever maybe in his or her possession which bears in any material degree on the charge for which the defendant is tried; it is more important in the long run that the government disclose the truth so that justice may be done than that some advantage might accrue to prosecution insuring a conviction. <u>U.S. v. Consolidated Laundries Corp.</u>, 291 F 2d 563 (2nd Cir. 1961); <u>United States v. Zborowiski</u>, 271 F 2d 661 (2nd Cir. 1959).

The American Bar Association for the Administration of criminal justice provides that; "except as otherwise specified as to protective

orders, the prosecuting attorney must disclose to the defense counsel before the Court, any material or information within the prosecutors possession or control which tends to negate the guilt of the accused as to the offense charged or would tend to reduce the punishment imposed." (A.B.A Standards for Criminal Justice, discovery and procedure before trial) § 11-2.1(c).

    This Petitioner has been illegally and unlawfully imprisoned since April 16, 2004 until the present. "Even a minimal amount of additional time in prison has constitutional significance." Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed. 2d 604 (2001)(an unconstitutional act is no law at all, and no Court has a right to imprison a citizen who has not been lawfully found guilty; such restraint even if exercised under the guise and form of law is as subversive of the right of the citizen as if it were exercised by a person not clothed with authority).

    This Petitioner has now judicially noticed the facts and the law which establish as a matter of law that the judgment and commitment order imposed on April 16, 2004 was unconstitutionally imposed and is null and void ab initio. This Petitoner is entitled to a direct verdict on the facts and law and an order for dismissal of his indictment, and his immediate release from the custody of the Federal Bureau of Prisons.

    The verdict of guilty which was imposed upon this Petitioner on April 16, 2004 on counts 1 and 2 of the superseding indictment was unsupported, in violation of the Fifth and Sixth Amendments to the United States Constitution and the Federal Rule of Criminal Procedure. This Constitutional error removed the Court's Article III subject matter jurisdiction, and requires this Court to order the Petitioners release to his unfettered liberty, forthwith. Jurisdiction is on-going throughout

these proceedings and must be proven for a Federal District Court to retain the authority over a defendant to find him guilty and to sentence him. This Court lost Article III subject matter jurisdiction over Petitioners cause on April 16, 2004 when it vacated the judgment and commitment order of March 28, 2003 and in turn imposed a new judgment and commitment order on April 16, 2004.

This error acted as a "not guilty" verdict, vitiating this Courts unlawfully impose verdict of guilt and unlawfully imposed sentence.

The result is Petitioner is presently imprisoned/constrained in violation of the Fifth and Sixth Amendments to Constitution and Laws of the United States. Failure by this Court to convene an immediate full evidentiary hearing, with Petitoner present, will result in this continuing fundamental injustice upon this Petitioner.

Explicitly the due process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. In Re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed. 2d 368 (1970); Duncan v. Louisiana, 391 U.S. 145, 151-154 (1968); Patterson v. Newyork, 932 U.S. 197, 210 (1977); Sullivan v. Louisiana, 508 U.S. at 277-278, 113 S.Ct. 2078, 124 L.Ed. 2d 182 (1993); U.S. v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed. 2d 494 (1995); Jones v. U.S., 526 U.S. 227, 243 (1999); Apprendi v. New Jersey, 530 U.S. 466 (2000).

This Court lacked the jurisdiction to find this Petitioner guilty, or to sentence him without conducting a trial of some sort, being a jury, or bench trial, unless the Petitioner had entered a plea of guilty, which he did not. This Court could not proceed with a sentencing hearing when there was no verdict of guilt adjudicated under due process of

the laws of the United States.

This Court lost it's Article III jurisdiction over this Petitioner on April 16, 2004 after vacating the judgment and commitment order of March 28, 2003 on the relief from the motion filed by this Petitioner on February 11, 2004, by resentencing this Petitioner on April 16, 2004 without a lawful finding of guilt being adjudicated upon this Petitioner.

This act removed this Court's Article III jurisdiction over petitioner. See Ex parte McCardie 7 U.S. at 514. This acted the same as a "not guilty" verdict and freed the petitioner from further jeopardy on the charges.

The only function remaining to this Court now is that of announcing this fact and ordering the immediate release of this petitioner from the custody of the Federal Bureau of Prisons, or in the alternative petitioner moves this Court to remand for a full evidentiary hearing within ten (10) days of the filing of this petition, with this petitioner present, on the facts presented in this petition.

EVERY COURT HAS THE INHERENT POWER TO CORRECT IT S OWN JUDGMENTS.

All orders since April 16, 2004 resulted in a decision that was contrary to or involved an unreasonable application of , clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented, or not presented before this Court.

This Petitioner moves this Court to address the merits of the Constitutional violations submitted before this Court, and let justice Prevail,

WITH ALL DUE RESPECT

RESPECTFULLY SUBMITTED

*Earnest Wilson*

13    EARNEST WILSON Pro Se Petitioner

## CERTIFICATE OF SERVICE

I, EARNEST WILSON, hereby certify under penalty of perjury as delinated in Title 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and that a copy of this verified Habeas Corpus Petition for immediate release from the custody of the Federal Bureau of Prisons and Affidavit in support of verified petition has been provided to the adverse parties by U.S. Mail First Class Postage Prepaid, and deposited in this Institutions legal mail officers hands on this ; __13TH__ day of __August__, 2008.

One copy addressed to

        Assistant U.S. Attorney's Office
        Joseph Alesia or Kevin Powers
        Northern District of Illinois
        219 S. Dearborn Street
        Chicago, Illinois 60604


Original and (3) copies addressed to

        Clerk of the United States District Court
        for the Northern District of Illinois
        Eastern Division
        219 S. Dearborn Street
        Chicago, Illinois 60604



*Earnest Wilson*

State of Wisconsin/County of Adams
This document was signed before me at Oxford, Wisconsin, on August 13, 2008,
by Earnest Wilson, Reg. number 09673-026.
_____ Paul Zills, Notary Public
My commission expires on March 27, 2011.